WELLS, APPELLANT, *v.* CITY OF AKRON ET AL., APPELLEES.

(No. 13039—Decided September 2, 1987.)

*Linda Tucci Teodosio,* for appellant.

*Janice E. Crossland,* assistant director of law, for appellees.

QUILLIN, P.J. Plaintiff appeals the trial court's decision granting defendants' motion for summary judgment. We affirm.

Because this matter was decided on a summary judgment, we view the facts, where in dispute, most favorably to the plaintiff. On the morning of October 16, 1984, the principal of Stewart Elementary School telephoned police that two students had just seen a man in front of the Acme Store at Wooster-Hawkins who pointed a gun at them. The principal described the suspect as a black male with a mustache, wearing a black hat, black jacket and blue jeans. The police dispatcher relayed this description to the patrol cars in the area. Sergeant Reuscher and Officer Johnson of the Akron Police Department arrived at the Acme store soon thereafter. While questioning the store manager, Reuscher spotted the plaintiff, Eugene Wells, leaving the store. Wells, a black male with a mustache, was wearing a black hat, black jacket and blue jeans. The officer waited until Wells got into his car away from the store. At this point, the officers pulled their cruisers up in front of and behind Wells' car. Reuscher ordered Wells to get out of his car with his hands in the air. Reuscher had his shotgun in his hands. Wells contends that Reuscher said something to the effect of, "Do as you're told or I'm going to blow your head off." The officers frisked Wells and searched the passenger compartment of his car. Wells then gave the officers permission to search the trunk of his car. The officers found no weapon and permitted Wells to leave immediately thereafter.

Wells filed this action against the officers involved and the city of Akron, alleging primarily a deprivation of his constitutional rights under Section 1983, Title 42, U.S. Code. Defendants moved for summary judgment, which the court granted. Wells appeals.

### Assignments of Error

"I. The trial court erred in granting defendant Sgt. Reuscher's motion for summary judgment on the defense of probable cause and good faith, since a genuine issue of material fact existed as to that defense.

"II. The trial court erred in granting summary judgment against the plaintiff on his claim based on the Fifth, Fourteenth, Fourth and Eighth Amendments of the United States Constitution."

Because these assignments of error are both concerned with Wells' Section 1983 claim, we address them together. Wells argues that the officers' actions deprived him of various constitutional rights. Wells complains that the officers lacked probable cause to arrest him or to search him and his car without a warrant. In defendants' motion for summary judgment, they set forth the defense of probable cause and good faith. *Pierson* v. *Ray* (1967), 386 U.S. 547, 557. After a review of the evidence presented below, we conclude that the trial court's decision granting defendants' motion for summary judgment was proper. The officers conducted an investigative stop of Wells which did not rise to the level of an arrest. Wells did not present any evidence which would negate the conclusion that, under the facts and circumstances known to the officers at the time of the stop, the officers did in good faith reasonably believe that Wells was armed and dangerous.

An investigative stop, or *Terry* stop as it has come to be known after the case which initially set down the groundwork for its use as a police tool, *Terry* v. *Ohio* (1968), 392 U.S. 1, permits a police officer, who lacks prob-

able cause to make an arrest, to investigate an individual based on a reasonable belief of potentially criminal behavior supported by specific and articulable facts. *Terry, supra,* at 22; *Adams* v. *Williams* (1972), 407 U.S. 143, 145. In determining whether an investigative stop is justified, a court must consider the totality of the circumstances. *United States* v. *Cortez* (1981), 449 U.S. 411. Clearly, in the case *sub judice,* such a stop was justified. The police responded promptly to a report of a suspect, who was not only carrying a gun, but was pointing it at people. Wells met each element of the description provided and was seen leaving the store in front of which the suspect was last seen. These factors alone would justify a stop.

Upon making a *Terry* stop, an officer may, as is the case here, frisk the suspect for weapons when he reasonably believes the individual is armed and dangerous. *Terry, supra,* at 27. Furthermore, a police officer may search the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, if the officer reasonably believes that the suspect is dangerous and may gain immediate control of weapons in the car. *Michigan* v. *Long* (1983), 463 U.S. 1032, 1049. This is such a case.

Wells argues that the manner of the stop resulted in his arrest and a warrantless search. We disagree. A police officer may use reasonable force to make an investigative stop. Such reasonable force may include the use of a drawn weapon. *United States* v. *Jackson* (C.A. 2, 1981), 652 F. 2d 244; *United States* v. *Bull* (C.A. 4, 1977), 565 F. 2d 869; *People* v. *Finlayson* (1980), 76 App. Div. 2d 670, 431 N.Y. Supp. 2d 839. While it is true that a police officer may not always conduct an investigative stop with his weapon drawn, the totality of the facts and circumstances justifies such actions in this case. Here, the information supplied indicated that the suspect was armed. Working under this assumption, the officers took reasonable precautions to ensure their safety.

A summary judgment may be rendered in favor of a law enforcement official where the pleadings, affidavits, and depositions show that there is no genuine issue as to the good-faith defense in a Section 1983 action. *Kipps* v. *Ewell* (C.A. 4, 1976), 538 F. 2d 564. Thus, because it is not disputed that the officers acted in good faith, and because in making an investigative stop officers may act on less than probable cause, the trial court acted correctly in granting defendants' motion for summary judgment.

The above assignments of error are overruled.

### Assignment of Error III

"The trial court erred in granting the defendants' motion for summary judgment on plaintiff's claim for emotional distress."

In the first paragraph of his complaint, Wells characterizes the nature of his suit as a civil rights action brought under Section 1983, Title 42, U.S. Code. Furthermore, Wells did not argue in his response to the summary judgment motion that he had asserted state law claims separate and apart from his Section 1983 claim. Nonetheless, it appears Wells' complaint did include claims for negligent and intentional infliction of emotional distress.

We first address Wells' claim for negligent infliction of emotional distress. Wells neither pleaded nor alleged in any of the materials submitted in opposition to defendants' motion for summary judgment how defendants were negligent. As stated *supra,* the police officers conducted an investigative stop in good faith and with the requisite reasonable suspicion that Wells was the armed suspect they sought. Thus, defendants were not

negligent; nor is there any apparent issue of material fact which might establish their negligence.

Wells also pleaded a claim for intentional infliction of emotional distress. The court in *Yeager* v. *Local Union 20* (1983), 6 Ohio St. 3d 369, 6 OBR 421, 453 N.E. 2d 666, syllabus, set forth the test for this intentional tort:

"One who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

Quoting further from 1 Restatement of the Law 2d, Torts (1965) 73, Section 46, Comment *d*, the court proceeded to define "outrageous conduct" as conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager, supra,* at 375, 6 OBR at 426, 453 N.E. 2d at 671. The officers' conduct was not so outrageous as to go beyond all possible bounds of decency. The defendants were therefore entitled to judgment as a matter of law.

We also note that recovery in an action for emotional distress requires "emotional injury which is both severe and debilitating." *Paugh* v. *Hanks* (1983), 6 Ohio St. 3d 72, 78, 6 OBR 114, 119, 451 N.E. 2d 759, 765. The *Paugh* court elaborated: "Thus, serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Id.* Here, Wells only alleged in his deposition that he experienced "mental suffering" and that the situation was "embarrassing." This alone would not be enough to sustain a recovery for infliction of emotional distress.

The assignment of error is overruled.

### Assignment of Error IV

"The trial court erred in granting the defendant City of Akron's motion for summary judgment since the plaintiff stated a claim against that defendant pursuant to *Monell* v. *Dept. of Social Services* (1978), 436 U.S. 658."

Pursuant to *Monell* v. *Dept. of Social Services of the City of New York* (1978), 436 U.S. 658, 690, a plaintiff alleging a Section 1983 claim may sue a municipality directly where the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. The court in *Monell* went on to hold that a city cannot be held liable in a Section 1983 action on a *respondeat superior* theory. *Id.* at 691. Here, Wells has not demonstrated that a policy statement, ordinance, regulation, or decision officially made or adopted by the city of Akron deprived him of any constitutional right. Instead, it is readily apparent that Wells pursued his claim against the city of Akron under a theory of *respondeat superior*.

The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and CACIOPPO, JJ., concur.