The **STATE of Ohio, Appellant,**

v.

**NELSON, Appellee.**

[Cite as *State v. Nelson* (1991), 72 Ohio App.3d 506.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 59432.

Decided Feb. 14, 1991.

*Stephanie Tubbs Jones*, Prosecuting Attorney, and *William Ailer*, Assistant Prosecuting Attorney, for appellant.

*James E. Kovac*, for appellee.

*Per Curiam.*

Dwayne Nelson, defendant-appellee, was indicted for trafficking in drugs under R.C. 2925.03, drug abuse under R.C. 2925.11, and possessing criminal tools under R.C. 2923.24. The trial court granted Nelson's motion to suppress by reasoning that the police lacked probable cause to arrest Nelson. We affirm the trial court's order for the reasons contained herein.

Detective Richard Campbell, the arresting officer, testified at the hearing on the motion to suppress that he and other detectives arrived in front of an apartment in a high crime area on October 21, 1989, at about 8:00 p.m. Campbell testified that he observed a group of about eight to ten people standing in front of the apartment. He stated that he saw a movement of hands but did not see anything exchanged. As Campbell and the other officers arrived, the group dispersed. Campbell stated that he pursued Nelson and a female down a nearby alley.

Upon entering the alley, Campbell and his partner climbed the rear stairway of the apartment building and discovered Nelson lying against the building in a puddle of water on the third floor porch. The female juvenile was crouched in the corner of the porch several feet away from Nelson.

Campbell asked Nelson and the juvenile what they were doing and they both responded that they were having an argument. Campbell handcuffed the two because he suspected drug activity. Thereafter, Campbell looked

around the porch and discovered a vial on the floor containing crack cocaine and a small plastic bag containing crushed cocaine. The name on the label of the vial was "Theresa Smith," who was down the hall in the same apartment complex.

■ The trial court determined that the police lacked probable cause to arrest Nelson when they handcuffed him. Accordingly, the search and discovery of drugs following such arrest was improper. We agree with the trial court's determination.

Probable cause exists when the arresting officer has sufficient information to warrant a prudent man in believing that a felony has been or is being committed and that it has been or is being committed by the accused. *Henry v. United States* (1959), 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134; *Brinegar v. United States* (1949), 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; *State v. Hill* (1977), 52 Ohio App.2d 393, 6 O.O.3d 436, 370 N.E.2d 775.

Campbell's observations of Nelson did not warrant a prudent man in believing a felony was in progress. Campbell stated that he observed a group of people standing in front of an apartment in a high crime area. He observed the movement of hands without anything being exchanged. Upon the police's arrival, the group dispersed and Nelson was found sitting in a puddle on the third floor porch. Nelson and the female juvenile told Campbell that they had been engaged in an argument. Nelson's behavior did not give rise to a reasonable inference that he was a participant in a felony. *Sibron v. New York* (1968), 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917. Based on the totality of the circumstances, we find that Campbell did not have probable cause to believe Nelson was committing or had committed a drug offense. As a result, the discovery of drugs subsequent to such arrest was improper. *Wong Sun v. United States* (1963), 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.

■ The state appears to argue that Campbell's act of handcuffing Nelson did not constitute an arrest. Rather, such act was a reasonable means of detention during an investigative stop.

The existence of an arrest is dependent upon the existence of four requisite elements:

"(1) An intent to arrest, (2) under real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested." *State v. Barker* (1978), 53 Ohio St.2d 135, 7 O.O.3d 213, 372 N.E.2d 1324, paragraph one of the syllabus, certiorari denied (1978), 439 U.S. 913, 99 S.Ct. 285, 58 L.Ed.2d 260.

A person is seized when a reasonable person under the circumstances would have believed he was not free to leave. *United States v. Mendenhall* (1980),

446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497. We believe that all four elements in *Barker* were met here to establish an arrest of Nelson and not a mere detention. Detective Campbell acted under the authority of the Cleveland Police Department when he seized Nelson by handcuffing him. Campbell handcuffed Nelson because he suspected drug activity. Under the circumstances, we believe Campbell's action manifested his intent to arrest Nelson. Campbell's intrusion on Nelson's liberty by handcuffing him was not justified by a sufficiently strong suspicion based on specific and articulable facts that Nelson was engaged in criminal activity. Cf. *State v. Johnson* (1986), 34 Ohio App.3d 94, 517 N.E.2d 262; see *State v. McFarland* (1982), 4 Ohio App.3d 158, 4 OBR 252, 446 N.E.2d 1168. As a result of such an illegal arrest, the trial court's grant of Nelson's motion to suppress was appropriate.

Appellant's assignment of error is overruled.

Accordingly, we affirm the trial court's grant of Nelson's motion to suppress.

*Judgment affirmed.*

JOHN V. CORRIGAN, P.J., and NAHRA, J., concur.

JOHN F. CORRIGAN, J., dissents.

JOHN F. CORRIGAN, Judge, dissenting.

I conclude that the police effectively arrested the defendant following their discovery of the illegal drugs. Since this evidence provided the police with probable cause to make an arrest, I would reverse the trial court's order granting the defendant's motion to suppress.

The majority correctly notes that a "seizure" occurs when a reasonable person under the circumstances would believe that he was not free to leave. See *United States v. Mendenhall* (1980), 446 U.S. 544, 553–554, 100 S.Ct. 1870, 1876–1877, 64 L.Ed.2d 497, 508–509. However, a seizure within the meaning of the Fourth Amendment does not necessarily equate with an arrest. "It is quite plain that the Fourth Amendment governs 'seizures' of the person which do not eventuate in a trip to the station house and prosecution for crime—'arrests' in traditional terminology." *Terry v. Ohio* (1968), 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889, 903. The concept of a Fourth Amendment seizure further encompasses the less intrusive investigative detention. See *Terry v. Ohio, supra,* at 19, 88 S.Ct. at 1878, 20 L.Ed.2d at 904. Accordingly, the majority cannot simply conclude that the arrest of the defendant occurred at that point when the police restrained the defendant's freedom of movement, since loss of liberty characterizes both the temporary investigative stop and the arrest.

The existence of an arrest is dependent upon the existence of four requisite elements:

"(1) An intent to arrest, (2) under real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested." *State v. Barker* (1978), 53 Ohio St.2d 135, 7 O.O.3d 213, 372 N.E.2d 1324, paragraph one of the syllabus.

In the instant action, the detectives had no intent to arrest the defendant. The detective explicitly asserted: "I cuffed * * * [the defendant] at that time * * * to *detain* him because I suspected he was involved in some drug activity." (Emphasis added.) This conclusion is further buttressed by the fact that the detectives advised the defendant of his rights *after* the discovery of illegal drugs.

The act of handcuffing the defendant in the instant action, rather than signifying the arrest of the defendant, constituted a reasonable means to detain the defendant during the course of a lawful investigative stop. A police officer during the course of a lawful investigative stop may take reasonable measures in order to ensure his safety while a suspect is being detained. Cf. *State v. Bobo* (1988), 37 Ohio St.3d 177, 180–181, 524 N.E.2d 489, 492–493 (officer may conduct protective search of suspect). Such measures include the use of reasonable force. *Wells v. Akron* (1987), 42 Ohio App.3d 148, 150, 537 N.E.2d 229, 231 (use of drawn weapon may be reasonable). More specifically, police officers may handcuff a suspect where the use of such restraint is reasonably related to ensuring the safety of police officers during an investigative detention. See *State v. Schultz* (1985), 23 Ohio App.3d 130, 132–133, 23 OBR 242, 243–245, 491 N.E.2d 735, 738–739 (handcuffing of drug suspect for one hour and fifteen minutes during execution of search warrant reasonably related to officer security); *State v. Lofton* (Aug. 8, 1985), Franklin App. No. 84AP–408, unreported, 1985 WL 10105 (handcuffing of robbery suspect in police cruiser prior to actual arrest constituted reasonable means of protection for investigating police officer).

Here, the use of handcuffs by the detectives constituted a reasonable measure to detain the defendant. The detective testified that one reason he handcuffed the defendant was for officer safety by virtue of the fact that the defendant was being detained on a third-story porch. Under such exposed circumstances, the use of handcuffs during the defendant's brief detention constituted a reasonable protective measure.

I note further that the cocaine should not have been suppressed regardless of the legality of the initial seizure of the defendant's person. The police discovered the cocaine in plain view on the floor of the porch within moments of confronting the defendant. Since the police would have obtained the

evidence notwithstanding any misconduct, the trial court erred in invoking the exclusionary rule. See *Nix v. Williams* (1984), 467 U.S. 431, 440–448, 104 S.Ct. 2501, 2507–2511, 81 L.Ed.2d 377, 385–390 (inevitable discovery rule explained).

Accordingly, for the foregoing reasons, I would reverse the trial court's order granting the defendant's motion to suppress and remand the cause for further proceedings.