The STATE of Ohio

v.

HARPER.█

Hamilton County Municipal Court.

Decided Aug. 8, 1995.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *David Wood,* Assistant Prosecuting Attorney, for plaintiff.

*James Rimedio,* for defendant.

---

MICHAEL K. ALLEN, Judge.

This matter is before the court for decision on defendant's motion to suppress.

At approximately 2:40 a.m. on February 19, 1995, while sitting in a marked police car, Officer Paul Rook of the Springfield Township Police Department noticed defendant Timothy Harper drive his vehicle into a parking lot where Officer Rook was conversing with another officer. Defendant Harper entered the lot and drove past the police vehicles. This parking lot was the Winton School District school bus lot, which is located behind Lakeside Elementary School in the vicinity of Corbett Road near Winton.

Officer Rook believed that a sign was posted at the Corbett Road entrance restricting its use to daytime hours, and since it was 2:40 a.m., Officer Rook decided to investigate why the defendant was present at that time. In fact, this was the only reason why Officer Rook stopped the defendant, as he noticed no erratic driving or criminal conduct of any sort. Officer Rook also testified that there had been some damage to buses in the past, which was another reason why he wanted to know what Harper was doing. After defendant Harper had passed Officer Rook, the officer placed his blue lights in operation and pulled defendant over as he was coming back out of the parking lot.

The defendant pulled over within ten seconds and produced a valid driver's license when asked to do so. Officer Rook told the defendant that he wasn't allowed to be in that area and he questioned him as to what he was doing. In the process of this questioning, Officer Rook detected the odor of an alcoholic beverage on the defendant's breath and noticed a twelve-pack of beer on the passenger side floor. One beer was missing from the pack, and the beer was still cold. The defendant admitted to having been drinking when asked, at which time Officer Rook asked him to step out of the car for field sobriety tests.

Officer Rook administered three field sobriety tests, all of which indicated that the defendant may have been under the influence of alcohol. Officer Rook proceeded to place defendant under arrest for driving under the influence of alcohol.

The defendant filed a motion to suppress, stating that the evidence against him had been obtained from a warrantless seizure, and that there had been no lawful cause to stop him.

The issue now before this court is whether Officer Rook had a reasonable and articulable suspicion that the defendant was involved in criminal activity which would justify a warrantless stop. *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673.

■ It is well established that in order for a police officer to conduct a warrantless stop or search of an individual, he must possess a reasonable suspicion, based on specific and articulable facts, that criminal behavior has occurred or is imminent. *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Officer Rook may have possessed a suspicion, but it was neither reasonable nor based on articulable facts.

■ Defendant's driving did not indicate that he was under the influence according to Officer Rook. In fact, Officer Rook admitted that the sole reason for the stop of the defendant was to investigate why he was in the lot at that hour. Officer Rook may have considered himself justified in stopping defendant, for Officer Rook testified that there had been some bus damage by vandals in the past. However, an "inarticulate hunch" that criminal activities are occurring, regardless of good intentions, is not enough to justify a warrantless search. *State v. Barrow* (1978), 60 Ohio App.2d 335, 337, 14 O.O.3d 295, 296, 397 N.E.2d 422, 424, citing *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

■ In addition, there are countless cases which state that an individual's mere presence in an area of high crime is insufficient to justify a warrantless search. See *State v. Rhude* (1993), 91 Ohio App.3d 623, 625–626, 632 N.E.2d 1391, 1392–1393; *State v. Nelson* (1991), 72 Ohio App.3d 506, 508, 595 N.E.2d 475, 476; *State v. Jones* (1990), 70 Ohio App.3d 554, 559, 591 N.E.2d 810, 812–813. Last, the stop cannot be used as a pretext to investigate the suspect's "suspicious" conduct. *Barrow*, 60 Ohio App.2d at 337, 14 O.O.3d at 296, 397 N.E.2d at 424. This means that Officer Rook must have witnessed some criminal behavior or at least some behavior which gave him reasonable and articulable suspicion that the defendant was engaged in criminal behavior. Officer Rook saw neither.

■ In summation, Officer Rook observed no erratic driving, no criminal activity, and no wrongdoing whatsoever except that the defendant allegedly was not permitted to be in the lot after dark, according to a sign Officer Rook *believed* he may have read to that effect. That does not constitute a reasonable and articulable reason for stopping the defendant.

In order to justify the sort of intrusion which occurred here, a police officer must be able to point to specific and articulable facts. The defendant was not observed violating any traffic or other laws and the officers were not specifically looking for either the defendant or the vehicle he was driving. As did the court in *Barrow*, this court finds the above stated facts to be too skeletal and ambiguous to create any reasonable suspicion that the defendant was engaged in, or about to engage in, criminal activity.

Consequently, the warrantless stop of Timothy Harper was without lawful cause and therefore all evidence, statements, field tests and laboratory reports following the intrusion are hereby suppressed.

*So ordered.*