{¶ 23} I concur with the majority finding that the search of the vehicles and the seizure of contraband violates the Fourth Amendment standard against unreasonable searches and seizures. I write separately to clarify the issue of the initial police intrusion.
 {¶ 24} The United States Supreme Court has identified three categories of police-citizen encounters: (1) a consensual encounter; (2) an investigatory stop; and (3) an arrest. Lakewood v. Mclaughlin (Oct. 28, 1999), Cuyahoga App. No. 75134, citing Florida v. Royer (1982),460 U.S. 491.
 {¶ 25} Consensual encounters include many long-standing, routine police practices, which include approaching a person in a public place, engaging the person in conversation, requesting information from the person, examining the person's identification, and asking the person to search his or her belongings. Florida v. Rodriguez (1984), 469 U.S. 1. Consensual encounters are those that involve no coercion or restraint on liberty. State v. Morris (1988) 48 Ohio App.3rd 137 [48 Ohio App.3d 137]. The hallmark of a consensual encounter is whether the police have restrained the person's liberty, by physical force or display of authority, in such a way that a reasonable person would feel free to walk away. United States v. Mendenhall (1980), 446 U.S. 544. It is well settled that the Fourth Amendment is not implicated in the case of a consensual encounter. United States v. Mendenhall (1980), 446 U.S. 544.
 {¶ 26} In this case the police were engaged in many of the activities common to a consensual encounter, yet they were investigating a specific claim of drug activity. The officers, in a marked police vehicle and in full uniform, responded to the area identified in the anonymous tip. There, they observed the appellant, matching the given description, in front of a store. The appellant was approximately one-tenth of a mile from the location of the alleged drug activity. Upon seeing the police, the appellant immediately walked into the store. The officers followed appellant into the store and confronted him. The officers specifically stated that they "were conducting a drug investigation."
 {¶ 27} Even if the initial intrusion here can be viewed as a consensual encounter, a consensual encounter may ripen into an investigative stop or arrest. To warrant an investigative stop, a police officer "must be able to point to specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrants that intrusion." Terry v. Ohio (1968), 392 U.S. 1. As the majority has already noted, the intrusion in this case was based on an anonymous tip that was not corroborated by any independent observations by the police of suspected illegal activity.
 {¶ 28} The United States Supreme Court has limited the situations where an investigative stop may be based on information supplied by an anonymous informant. In Florida v. J.L. (2000), 529 U.S. 266, an anonymous tip that a person was carrying a gun, without more, was insufficient to justify a police officer's stop and frisk of that person. Further, the accurate description of respondent's appearance was not enough since the reasonable suspicion at issue required that the tip be reliable in its assertion of illegality, not just its tendency to identify a determinate person. Id.
 {¶ 29} This does not mean that all anonymous tips are automatically unreliable. A stop arising from a dispatch based on an anonymous tip of shots fired from a vehicle was upheld where an occupant of the vehicle was observed making body movements consistent with hiding a weapon. See State v. Bankston, Cuyahoga App. No. 80378,2002-Ohio-3446. In the instant case, the anonymous caller provided specific details of illegal conduct, far more than merely the detailed description of the suspect. The caller indicated that the caller was home on vacation watching the alleged drug activity as it took place. The caller was able to describe in detail how the transactions were occurring. The caller gave a specific address of the location. The caller was able to provide a description of both vehicles and one license plate number. There are situations in which an anonymous tip, suitably corroborated, exhibits sufficient indicia of reliability to provide reasonable suspicion to make the investigative stop. State v. Bankston,
supra, citing Florida v. J.L., supra, and Alabama v. White (1990),496 U.S. 325.
 {¶ 30} Here, the caller was clearly a neighbor from East 117th Street with a residence in close proximity to the alleged activity. Based on the information provided, the informant's location could be narrowed to a select group of residences on that street. A police officer without probable cause may stop and briefly detain a person if the officer has a reasonable suspicion based upon specific articulable facts that the suspect is engaged in criminal activity. See State v. Franklin (1993),86 Ohio App.3d 101; United States v. Cortez (1981), 449 U.S 411; Statev. Andrews (1991), 57 Ohio St.3d 86. In the instant case, the arresting officers did not check to see if the vehicles were located where the caller indicated and saw nothing in appellant's behavior that corroborated the anonymous tip; yet the tip itself, with its specific detail describing specific criminal conduct beyond the identity of the suspect, established a reasonable suspicion to warrant an investigative stop. A tip might be anonymous in some sense yet have certain other features, either supporting reliability or narrowing the likely class of informants, so that the tip does provide the lawful basis for some police action." See Florida v. J.L, supra.
 {¶ 31} An investigative stop is more intrusive than a consensual encounter, but less intrusive than a custodial arrest. The investigative detention is limited in duration and purpose and can only last as long as it takes a police officer to confirm or dispel suspicions. See State v.Polk (Dec. 6, 2001), Cuyahoga App. No. 79170. The arresting officers asked the appellant to step outside the store to talk with them and he complied. The officers could give few specific details of the discussion with the appellant other than the assertion that he consented to go with them. Three witnesses testified that appellant was in handcuffs prior to being placed in the police car and being taken to the location of the alleged drug activity. The officers could not specifically recall if they handcuffed appellant, but one officer acknowledged "we cuff anyone we put in the car." Significantly, no drugs or weapons were found on appellant, and he had less than $5 on his person at the time of the initial pat down for officer safety. The officers acknowledged that once in the police vehicle, appellant could not have gotten out of the car as he was under police restraint.
 {¶ 32} A person is seized during an investigatory detention when, in consideration of all the circumstances surrounding the encounter, by means of physical force or show of authority a reasonable person would have believed he was not free to leave or was compelled to respond to questions. Mendenhall, 446 U.S. 544. Factors to consider when reviewing a seizure include approaching a citizen in a non-public place or blocking the citizen's path. See Id. Here, the officers resolved any concerns about officer safety with their initial pat down. Recovering no weapons or contraband, they nevertheless handcuffed appellant and placed him in the police cruiser. One officer testified that taking appellant from the location of the investigatory stop to the location of the alleged drug activity was "part of my further investigation." Under these circumstances, the investigatory detention of appellant rose to the level of a seizure. See State v. Nelson (1991), 72 Ohio App.3d 506. Moreover, because the police actions of handcuffing appellant and placing him in a police cruiser were not justified by a sufficiently strong suspicion based on specific articulable facts that appellant was engaged in criminal activity, his seizure was improper. Id.
 {¶ 33} Once an individual has been unlawfully detained by law enforcement, for his or her consent to be considered an independent act of free will, the totality of the circumstances must clearly demonstrate that a reasonable person would believe that he or she had the freedom to refuse to answer further questions and in fact could leave. State v.Robbinette (1997), 80 Ohio St.3d 234. It cannot be demonstrated from these facts that appellant consented to any search of his person or vehicles by the police. The encounter in this case involves a seizure that is equivalent to an arrest requiring probable cause. Here the police had a reasonable suspicion to conduct an investigatory stop, but upon conducting that stop and finding nothing that could warrant further detention or establish probable cause for arrest, the continued detention was unlawful and cannot be sanctioned by a claim of consent.[3]
 {¶ 34} Accordingly, I concur with the decision to affirm the judgment of the trial court.
[3] The facts reveal that had the officers run the appellant's name through dispatch, they would have learned that he was driving under suspension for a DUI, an arrestable offense, from the city of Euclid. The appellant pointed out the vehicle and admitted driving it to the area.