244

Binns et al.; Eleyet, Appellee, *v.* Fredendall, Appellant.

[Cite as Binns *v.* Fredendall (1987), 32 Ohio St. 3d 244.]

(No. 86-937—Decided September 2, 1987.)

*Thomas M. Tyack & Associates Co., L.P.A., Thomas M. Tyack* and *Mark A. Serrott,* for appellee.

*Lane, Alton & Horst, Theodore M. Munsell, Jeffrey D. Boyd* and *Robert Hanson,* for appellant.

MOYER, C.J. The issue presented by this appeal is whether the test we announced in *Paugh* v. *Hanks* (1983), 6 Ohio St. 3d 72, 6 OBR 114, 451 N.E. 2d 759, for the recovery of damages for emotional and psychiatric injuries applies where the person seeking the damages has also suffered contemporaneous physical injury. Because *Paugh, supra,* is not intended to limit recovery by such plaintiffs, but was so applied by the trial court, we affirm the finding of prejudicial error and remand the cause for retrial.

## I

Ohio law has traditionally permitted recovery for negligently inflicted emotional and psychiatric injuries accompanied by contemporaneous physical injury. Recently, in *Schultz* v. *Barberton Glass Co.* (1983), 4 Ohio St. 3d 131, 4 OBR 376, 447 N.E. 2d 109, this court recognized a cause of action for negligent infliction of serious emotional distress without a contemporaneous physical injury for plaintiffs who are directly involved in an accident. In *Paugh* we extended this new cause of action to persons who observe an accident as bystanders but who are not directly involved in the accident. While *Schultz* and *Paugh* permit recovery for purely emotional or psychiatric injury, *Paugh* sought to limit liability by defining legal standards and evidentiary guidelines to ensure that the purported injury has indeed been suffered. Compensable mental, psychiatric or emotional injuries suffered by both *Schultz* and *Paugh* plaintiffs were limited to only those which are "severe and debilitating" to a reasonable person.[1]

The traditional rules for awarding damages were unchanged by *Paugh.* Negligently inflicted emotional and psychiatric injury sustained by a plaintiff who also suffers contemporaneous physical injury need not be severe and debilitating to be compensable.

## II

In the case *sub judice,* Fredendall contends that Eleyet's claim for emotional distress should be dichotomized into the distress caused by her physical injuries governed by traditional tort theories, and the serious emotional

---

[1] In his dissenting opinion below, Judge McCormac correctly observed:

"* * * The *Paugh* standard creates a two-tier determination that is not otherwise applicable in the determination of mental damages to a person who is actually involved in the accident. The court first determines as a matter of law whether there was proof of emotional distress that was more than trifling, mere upset, or hurt feelings. Then the jury is instructed to find whether the emotional distress actually suffered reached the level of serious or debilitating emotional distress. * * *"

distress caused by the trauma of observing the manner of Binns' death governed by the standards established by *Paugh*. We are not persuaded by this contention. Although the separate sources of a plaintiff's distress may technically be identified by expert opinion, the practical difficulties of requiring a trier of fact to apply different legal standards to produce an award of damages reasonably related to plaintiff's injuries causes us to conclude that a single standard should be applied.

Moreover, plaintiff's physical injuries take her outside the class of *Schultz* and *Paugh* plaintiffs who suffer purely emotional or psychiatric injury. As such, the emotional or psychiatric injuries which have arisen as a proximate result of the defendant's tortious act are compensable under the traditional rule for recovery. The tortfeasor takes his victim as he finds him, the effect of his tortious act upon the person being the measure of damages. Where liability has been established, as here, the inquiry focuses upon the extent of genuine compensable injury.

Accordingly, when the trial court erroneously recited language from *Paugh* requiring that emotional distress be both severe and debilitating to be compensable, it committed reversible error. In addition, we agree with the court of appeals that the trial court's instruction also improperly limited the jury's consideration of the nature and extent of injury to Eleyet's physical health, pain, and ability to perform usual activities,[2] and establishes a second reason requiring reversal of the judgment of the trial court.

Fredendall argues that Eleyet's claims for damages ask too much. Fredendall objects to particular language in Eleyet's proposed jury instruction whereby she sought to recover for "* * * mental anguish and emotional distress suffered by the plaintiff * * * as a result of the death of her boyfriend, Donald Binns * * * [and as an element thereof] her loss of enjoyment of life. * * *"

Fredendall contends that mental anguish resulting from wrongful death in an action under R.C. 2125.02(B)(5) is recoverable only by "* * * the surviving spouse, minor children, parents, or next of kin." Plaintiff was not married to Binns, although they had lived together for three or four years.

The fact that mental anguish over the death of a relative is compensable in a wrongful death action does not preclude plaintiff's recovery of damages for such injury where plaintiff also suffers physical injuries in the same accident that caused the death of another. Plaintiff's recovery for mental anguish caused by the death of another, however, must be predicated upon her direct involvement in the accident, not upon the mere fact of the death, which is an aspect of a wrongful death action.

The emotional and psychiatric injury arising from an accident may encompass more than the distress associated with the victim's own contem-

---

[2] The trial court instructed the jury that:

"Serious emotional stress goes beyond trifling mental disturbance, mere upset or hurt feelings. Emotional distress, to be serious, involves emotional injury which is both severe and debilitating.

"In determining the nature and extent of injury and damage in this case, you will consider the effect upon physical health, of course pain that was experienced, ability or inability to perform usual activities, earnings that were lost, the reasonable cost of necessary medical and hospital expenses incurred by the plaintiff, and I believe there are claims here for medication."

poraneous physical injuries. Eleyet's actual involvement in this fatal accident included witnessing the particularly gruesome head injuries suffered by Binns. The resulting mental anguish and emotional distress are compensable injuries. Because the proposed instruction infers recovery for the fact of death in addition to compensable emotional and psychiatric injuries caused by Binns' death, the instruction was properly rejected by the trial court as overbroad.

Accordingly, we hold that recovery for negligently inflicted emotional and psychiatric injuries accompanied by contemporaneous physical injury may include damages for mental anguish, emotional distress, anxiety, grief or loss of enjoyment of life caused by the death or injury of another. We strictly limit such recoveries to those plaintiffs directly involved and contemporaneously injured in the same motor vehicle and accident with the deceased or other injured person.

Finding *Paugh, supra,* is not intended to limit recoveries by traditional tort victims seeking to recover for negligently inflicted emotional and psychiatric injuries accompanied by contemporaneous physical injury, we modify the judgment of the court of appeals and, as modified, affirm the judgment and remand the cause to the trial court for a new trial.

*Judgment accordingly.*

SWEENEY, LOCHER, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

HOLMES, J., concurs in part and dissents in part.

HOLMES, J., concurring in part and dissenting in part. I agree that it is the law as set forth within paragraph two of the syllabus here to the effect that one may make a claim for emotional distress for more than that which is associated with the plaintiff's own contemporaneous physical injuries. So stated *Paugh* v. *Hanks* (1983), 6 Ohio St. 3d 72, 6 OBR 114, 451 N.E. 2d 759. I will also accept the new law contained in paragraph three of the syllabus which allows recovery by a person unrelated by blood or law, but who is a loved one of a deceased. However, all recoveries based upon emotional stress occasioned by the death of another should be governed by this court's holding in *Paugh.*

The appellant here correctly asserts that the plaintiff's claims for emotional distress should be considered in two parts. The distress, if any, occasioned by her own physical injuries arising out of the automobile accident, would be governed by traditional tort theories. The second consideration should be the claim based upon serious emotional distress occasioned by the trauma of observing the manner of Binns' death. The latter should be governed by the standards established in *Paugh, i.e.,* that the compensable mental, psychological or emotional injuries suffered by plaintiff would be limited to only those which are "severe and debilitating" to a reasonable person.