McCARTHY et al., Appellants,

v.

CITY OF CLEVELAND HEIGHTS, Appellee.

[Cite as *McCarthy v. Cleveland Hts.* (1989), 65 Ohio App.3d 216.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55924.

Decided Nov. 6, 1989.

*Bruce C. Allen* and *Blair Hodgman,* for appellants.

*John H. Gibbon,* Director of Law, for appellee.

PATTON, Judge.

Plaintiffs, Gertrude and Bruce Tartaglia, the mother and brother of decedent Douglas Tartaglia, appeal from a summary judgment rendered in favor of defendant, city of Cleveland Heights. Plaintiffs' complaint sought damages for claims of negligent infliction of emotional distress caused after decedent committed suicide while confined in the city jail. The trial court granted summary judgment in the city's favor after concluding that plaintiffs had failed to establish that their emotional injuries were foreseeable under *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759. The sole assigned error contests that judgment.

Decedent had been a patron at a city tavern on the evening he committed suicide. After closing time, he refused to leave the bar. City police were called and were unable to persuade him to leave. The officers then arrested decedent for trespassing.

Decedent was taken to the city jail. During the booking process, he became unruly and had to be restrained. Eventually, he was placed in an unattended jail cell.

Several hours later, all available city police officers were called to respond to a large fire. Only one officer remained at the jail to man the radio room. That officer remained in the radio room until the fire had been brought under

control. When the officer checked the jail cells seventy minutes later, he found decedent hanging, his T-shirt tied around his neck. An autopsy revealed that decedent had a blood-alcohol content of .15 percent and a methaqualone (Quaalude) level of .37 percent. The death was ruled a suicide.

In *Paugh v. Hanks, supra,* the Ohio Supreme Court held that a bystander to an accident states a cause of action for negligent infliction of serious emotional distress when the bystander shows that he suffered serious emotional injuries and that the injuries were reasonably foreseeable. *Id.* at paragraph two of the syllabus. Thus, plaintiffs must show (1) severe emotional distress and (2) that the severe emotional distress was reasonably foreseeable.

I

The initial determination as to the severity of the emotional injury is a question of law for the trial court. *Id.,* 6 Ohio St.3d at 78, 6 OBR at 119–120, 451 N.E.2d at 765–766; *Binns v. Fredendall* (1987), 32 Ohio St.3d 244, 245, 513 N.E.2d 278, 280, fn. 1. *Paugh* utilized an objective standard for this determination, requiring emotional injury that is severe and debilitating, so much so that a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case. *Id.* at paragraph three of the syllabus.

In this case, neither plaintiff suffered severe or debilitating emotional distress. Gertrude Tartaglia stated that she suffered no physical injuries from the suicide. She stated that she had become depressed and sought counseling six months after decedent's death, but remained in counseling for only two months before ending the sessions. Bruce Tartaglia also stated that he had become depressed following his brother's suicide. He saw a psychiatrist for these and other problems that apparently arose in conjunction with his pre-existing alcoholism. Bruce stated that his drinking problems brought back painful memories of his brother. These memories caused him to provoke confrontations with city police officers that invariably led to his incarceration. Bruce terminated his counseling after two months.

Neither plaintiff has established facts that demonstrate debilitating emotional injury under *Paugh.* We recognize that a licensed clinical psychologist has opined that the plaintiffs suffered "emotional harm of a serious nature as a result of the death of Douglas Tartaglia." However, a rote recitation from *Paugh* is not sufficient in the absence of facts to substantiate the claim. The

clinical psychologist simply reiterated plaintiffs' frustration and depression following decedent's death.

## II

Plaintiffs concede that they were not physically present at the city jail when decedent committed suicide. Gertrude Tartaglia was at her home; Bruce Tartaglia was confined in an alcohol treatment center. They nonetheless urge this court to find that they were foreseeable victims of severe emotional distress despite not being bystanders to decedent's suicide. We reject this argument.

Implicit in the tort of negligent infliction of severe emotional distress is the requirement that the plaintiff have some contemporaneous presence at the scene of the accident that would render the severe emotional distress foreseeable. In *Paugh,* the court set forth three non-exclusive factors to be considered in order to determine whether a negligently inflicted emotional injury was reasonably foreseeable:

" * * * (1) whether the plaintiff was located near the scene of the accident, as contrasted with one who was a distance away; (2) whether the shock resulted from a direct emotional impact upon the plaintiff from sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) whether the plaintiff and victim (if any) were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." *Id.* at paragraph three of the syllabus.

These factors demonstrate that the plaintiff's presence at the site of the accident renders the emotional injury more foreseeable than if the plaintiff had no exposure to the shocking nature of the accident.

Plaintiffs concede that they meet only the third factor in *Paugh,* but argue that their emotional injuries were nonetheless foreseeable despite their absence from the scene of the suicide. They argue that the shocking nature of the events surrounding the suicide made their emotional distress foreseeable. In support of this contention, they cite to *Carney v. Knollwood Cemetery Assn.* (1986), 33 Ohio App.3d 31, 514 N.E.2d 430. In *Carney,* the family of an ancestor whose remains had been disturbed sued the cemetery for infliction of emotional distress. This court considered that the *Paugh* factors were not necessarily met, but concluded that the independent tort of mishandling dead bodies supported an inference that the ancestors' emotional injuries were foreseeable.

*Carney* is inapposite. It simply stands for the proposition that foreseeability is to be determined upon the facts of the individual case. See *id.* at 34, 514 N.E.2d at 433. We agree that the question of foreseeability in this case is greatly dependent upon plaintiffs' first-hand knowledge of the events. Arguably, suicide of any nature will have a particularly profound emotional effect on remaining family members, especially when the suicide is unexpected. While some emotional distress will be foreseeable, *severe* emotional distress may not, absent the plaintiff's physical proximity to the suicide that would tend to indicate otherwise. For this reason, the bystander rule serves the useful purpose of demarcating which emotional injuries may reasonably be foreseeable as a direct consequence of the negligent act giving rise to the accident.

The bystander rule is not an absolute indicator of foreseeability; however, plaintiffs present no other facts that would create a question of fact in this regard. Death by hanging is a shocking occurrence. But to require courts to differentiate the degree of shock felt by family members as to any type of unexpected death would be an exercise in futility. In this case, we believe that the bystander rule should be applied as it provides the best means of determining foreseeability. Having done so, we agree with the trial court that, as a matter of law, the plaintiffs' emotional injuries were not foreseeable. The assigned error is overruled.[1]

*Judgment affirmed.*

FRANCIS E. SWEENEY, J., concurs.

NAHRA, J., concurs in judgment only.

---

1. The city has filed an assignment of error pursuant to R.C. 2505.22. Since we affirm the trial court's judgment, we need not consider the assigned error. See *Duracote Corp. v. Goodyear Tire & Rubber Co.* (1983), 2 Ohio St.3d 160, 163–164, 2 OBR 704, 706–708, 443 N.E.2d 184, 186–188.