**JONES et al., Appellants,**

**v.**

**WASHINGTON, Appellee.**

[Cite as *Jones v. Washington* (1990), 67 Ohio App.3d 176.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–092.

Decided March 30, 1990.

*James Godbey,* for appellants.

*Katherine Cobb Jones,* for appellee.

---

*Per Curiam.*

This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas.

On March 21, 1988, plaintiffs-appellants, Steven Jones and Christine Horvath, filed a civil complaint against defendant-appellee, Donald Washington. The complaint alleged that Jones and Horvath suffered extreme emotional distress from an attack by Washington's dog. Jones and Horvath further alleged that Washington maliciously prosecuted Jones.

The alleged cause of action arose on November 22, 1986, when Washington's seven-month-old mixed labrador retriever came into Jones' and Horvath's front yard while they were raking leaves. Jones' and Horvath's two-year-old son was also in the front yard in his walker. The dog went over to the child's walker, grabbed the walker and shook it from side to side. Jones chased the dog from the yard, grabbed his son and ran into the house to telephone the police. Jones then saw the dog reenter the yard. Jones ran out of the house with a rifle and shot and killed the dog. Jones and Horvath both admit the dog never touched them or their child and they have suffered no physical harm from the incident.

On December 1, 1986, Washington filed criminal charges against Jones for unlawfully killing an animal, in violation of Toledo Municipal Code Section 505.05, and discharging a firearm within the city limits, in violation of Toledo Municipal Code Section 549.19. A jury later found Jones not guilty of these charges.

In March 1988, Jones and Horvath filed this civil suit against Washington. On December 15, 1988, Washington filed a motion for summary judgment, which was granted in his favor on February 15, 1989. It is from this judgment that Jones and Horvath appeal, declaring the following two assignments of error:

"I. The court erred in granting summary judgment in favor of the defendant on the calim [sic] of emotional injury arising out of the attack.

"II. The court erred in granting summary judgment on plaintiff's [sic] claim."

We find the well-reasoned decision of Judge Ruth Ann Franks to be dispositive of the major issues in this cause. For that reason, the judgment is hereby affirmed and adopted as our own. See Appendix. Accordingly, Jones' and Horvath's first and second assignments of error are found not well taken.

On consideration whereof, this court finds that substantial justice has been done the parties complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal assessed to Jones and Horvath.

*Judgment affirmed.*

HANDWORK, P.J., GLASSER and ABOOD, JJ., concur.

APPENDIX

RUTH ANN FRANKS, Judge.

This cause is before the court on the motion of defendant, Donald Washington, for summary judgment. Upon due consideration of the applicable law, pleadings, depositions, exhibits, affidavits, and memoranda submitted by counsel, this court finds the motion well taken and grants summary judgment in defendant's favor.

The facts relevant to this case are as follows. On November 22, 1986, plaintiffs, Steven Jones and Christine Horvath, were in their front yard raking leaves. The plaintiffs' two-year-old son was in a walker in the yard with plaintiffs. Plaintiffs testified in deposition and through affidavit that the defendant's dog, a seven-month-old mixed labrador retriever, approached the yard and shook their son's walker. Plaintiff Jones threw a pot at the dog, then went inside his house to telephone the police. Upon entering the house, plaintiff Jones saw the dog again enter his yard. Plaintiff Jones took a rifle and stepped outside and shot the defendant's dog. Plaintiff Horvath and plaintiffs' son were on the front steps of the porch and plaintiff Jones was ten feet in front of them when he killed the dog. The plaintiffs believe that they were the only witnesses to the shooting.

On December 1, 1986, defendant Donald Washington went to the city of Toledo's Prosecutor's Office. After a city prosecutor, Michael Sheils, interviewed the defendant and read the police report concerning the shooting, he authorized the defendant to sign two criminal complaints. These complaints charged plaintiff Jones with discharging a firearm within the city limits in violation of Toledo Municipal Code Section 549.19 and unlawfully killing an animal in violation of Toledo Municipal Code Section 505.05. On March 20, 1987, a jury acquitted the plaintiff of these charges.

On March 21, 1988, the plaintiffs filed a civil suit against the defendant alleging that plaintiffs individually "were subjected to extreme emotional distress by the stalking and the attack of themselves and their family by defendant's dog." The plaintiffs further alleged that defendant maliciously prosecuted the plaintiff, Jones.

Defendant has filed a motion for summary judgment asserting the plaintiffs' complaint against him must be dismissed as the evidence before the court demonstrates that the plaintiffs have not sustained compensable injuries under the common law or statutory law relating to the liability of an owner of a dog for the pet's conduct. Further, defendant claims that the evidence fails to establish that the defendant maliciously prosecuted the plaintiff, Jones.

The court will first address plaintiffs' claim of injuries sustained by reason of defendant's dog. A cause of action arises pursuant to R.C. 955.28 and under the common law for those individuals who have sustained injuries caused by a dog.

Under the common law, an aggrieved party must prove that the defendant owned and kept the dog; that the dog was vicious; that the defendant knew the vicious nature of the dog; and that the defendant was negligent in keeping the dog. *McIntosh v. Doddy* (1947), 81 Ohio App. 351, 37 O.O. 203, 77 N.E.2d 260. R.C. 955.28 eliminates the necessity to prove the viciousness of the dog and knowledge of this by the dog's owner. In other words, the statute imposes strict liability upon the owner of a dog for damages or injury caused by the dog. However, under both theories of liability, proof of compensable injury is an essential element.

It is the plaintiffs' claim that the injury each has sustained is serious emotional distress. Both plaintiffs and defendant have cited *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759, in support of their respective positions. The court in *Paugh* stated, " * * * serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Id.* at 78, 6 OBR at 119, 451 N.E.2d at 765. Further, in the absence of contemporaneous physical injury, compensable

distress must be severe and debilitating. *Binns v. Fredendall* (1987), 32 Ohio St.3d 244, 245, 513 N.E.2d 278, 280. The court in *Binns* also noted that:

" * * * The *Paugh* standard creates a two-tier determination that is not otherwise applicable in the determination of mental damages to a person who is actually involved in the accident. The court first determines as a matter of law whether there was proof of emotional distress that was more than trifling, mere upset, or hurt feelings. Then the jury is instructed to find whether the emotional distress actually suffered reached the level of serious or debilitating emotional distress. * * * " *Id.* at 245, 513 N.E.2d at 280, fn. 1.

In *Paugh*, the Ohio Supreme Court listed examples of the type of psychic injury which it contemplated. This includes " * * * traumatically induced neurosis, psychosis, chronic depression, or phobia." *Id.*, 6 Ohio St.3d at 78, 6 OBR at 119, 451 N.E.2d at 765. In addition, the court in *Paugh* addressed proof of the psychic injury and held that:

"[Although] expert medical testimony can assist the judicial process in determining whether the emotional injury is indeed, serious[,] * * * lay witnesses who were acquainted with the plaintiff * * * may testify as to any marked changes in the emotional or habitual makeup that they discern in the plaintiff after the accident has occurred." *Id.* at 80, 6 OBR at 121, 451 N.E.2d at 767.

In the case *sub judice*, plaintiff Christine Horvath states that she has recurring nightmares [1] and she remains emotionally disturbed concerning the shooting of defendant's dog. Plaintiff Horvath further indicates that she has not incurred medical, psychiatric or prescription medication expenses as a result of the incident.[2]

Applying the relevant case law to the evidence presented, the plaintiff Christine Horvath has failed to proffer evidence by which a trier of fact could discern that she has suffered serious emotional distress.

Plaintiff Jones also claims he has sustained serious emotional distress as a result of the incident with defendant's dog. Plaintiff Jones testified in deposition that he has suffered chest pains, stress, tingling in his arms, and sleeplessness as a result of the incident. Although the plaintiff testified that two physicians treated him for these conditions, which he claimed were directly caused by the incident involving defendant's dog, defendant's Exhibit

---

1. The nightmares never caused plaintiff Horvath to wake up.

2. Plaintiff Horvath indicated that she did take an aspirin on the day of the deposition.

B unequivocally refutes the plaintiff's claims.[3]  Plaintiff Jones was treated for these conditions prior to the incident involving defendant's dog.  The importance of this fact is that the law is clear that the claimed injury must have occurred contemporaneous with the acts alleged in the complaint.  *Paugh, supra.*

Plaintiff further claims that he suffered embarrassment as a result of the incident, both at work and at home.  An allegation of embarrassment is not enough to establish serious emotional distress.  *Wells v. Akron* (1987), 42 Ohio App.3d 148, 537 N.E.2d 229.

The general rules governing motions for summary judgment filed pursuant to Civ.R. 56 are well established.  In *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47, the Supreme Court of Ohio stated the requirements that must be met before a motion for summary judgment can be granted:

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration:  (1) that there is no genuine issue as to any material fact;  (2) that the moving party is entitled to judgment as a matter of law;  and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

"The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment."  See, also, *Johnson v. New London* (1988), 36 Ohio St.3d 60, 61, 521 N.E.2d 793, 795. The Sixth District Court of Appeals has consistently held that motions for summary judgment should be granted with caution in order to protect the non-moving party's right to trial.  As stated by the court in *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 14–15, 13 OBR 8, 16, 467 N.E.2d 1378, 1386:

"We recognize that summary judgment, pursuant to Civ.R. 56, is a salutary procedure in the administration of justice.  It is also, however, a procedure which should be used cautiously and with the utmost care so that a litigant's right to trial, wherein the evidentiary portion of the litigant's case is presented and developed, is not usurped in the presence of conflicting facts and inferences.  It is settled law that '[t]he inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the party opposing the motion, * * * ' which party in the

---

**3.**  Plaintiff Jones further indicated that he continued to be treated for those symptoms by Dr. Gandy.

instant case is appellant. It is imperative to remember that the purpose of summary judgment is not to try issues of fact, but rather to determine whether triable issues of fact exist." (Citations omitted.) See, also, *Bowlds v. Smith* (1961), 114 Ohio App. 21, 29, 18 O.O.2d 305, 309–310, 180 N.E.2d 184, 189.

A complete and thorough reading of the depositions, affidavits, and exhibits fails to establish a causal connection between the incident which is alleged in the complaint and the stated injuries. However, even if we are to assume sufficient evidence has been presented as to this issue, plaintiffs have failed to proffer evidence by which a trier of fact could find that "a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Paugh v. Hanks, supra,* 6 Ohio St.3d at 78, 6 OBR at 119, 451 N.E.2d at 765. Additionally, the stated injuries suffered do not reach the level of serious or debilitating emotional distress.

Plaintiffs' complaint further alleges malicious prosecution on the part of defendant. In order to prove a *prima facie* case of malicious prosecution, the plaintiff must prove: (1) malicious institution of prior proceedings by the defendant against plaintiff, (2) lack of probable cause for the filing of the prior lawsuit, (3) termination of the prior proceedings in the plaintiff's favor, and (4) seizure of the plaintiff's person or property during the course of the prior proceeding. *Crawford v. Euclid Natl. Bank* (1985), 19 Ohio St.3d 135, 139, 19 OBR 341, 344–345, 483 N.E.2d 1168, 1171–1172.

In support of his motion for summary judgment, defendant asserts that he did not maliciously institute the criminal proceedings against the plaintiff. In support of this proposition, he has offered the affidavit of Michael Sheils, a prosecutor for the city of Toledo. After reviewing the police reports and speaking with the defendant, Sheils made an independent decision to authorize the filing of the charges against defendant.

Defendant also argues that probable cause existed to charge the plaintiff with the offenses, inasmuch as the plaintiff has acknowledged that the statements contained in the two criminal complaints are true. While this alone is sufficient to establish probable cause, defendant further argues that examination of the facts as set forth above warrant a similar finding that probable cause was present.

In opposition to the foregoing, plaintiffs submit that there was a concerted and malicious effort by the defendant to pursue and prosecute the plaintiff. The basis of this claim is that the defendant did not disclose all the evidence to the prosecutor. Plaintiffs assert that if the defendant had told the prosecutor that the plaintiffs had previously complained to the defendant about his dog's

behavior and further disclosed to the prosecutor the facts surrounding the shooting, the charges would not have been filed.

In reference to this claim, the court has reviewed the record. The deposition and affidavit of plaintiff Jones indicates that prior to the shooting, plaintiff spoke with the defendant on one occasion concerning the defendant's dog. Plaintiff indicated that when the defendant was confronted, the defendant did not believe that his dog had misbehaved. Most important is the undisputed fact that the defendant was neither a witness to the shooting nor did the plaintiff ever tell the defendant his version of the occurrence.

Relative to the statements contained in the two criminal complaints, the plaintiff acknowledges that they are true. However, plaintiff Jones states that he was legally justified in committing these acts. Irrespective of plaintiff's belief, the raising of an affirmative defense is not a bar to the filing of a criminal complaint if probable cause exists to file the charges.

Based upon a careful reading of the depositions, exhibits, affidavits and memoranda of counsel, the court finds absolutely no evidence of maliciousness on the part of the defendant in instituting the criminal proceedings. Further, the court finds that probable cause existed to charge the plaintiff with both offenses.

Construing the evidence most strongly in favor of plaintiffs, this court finds that genuine issues of material fact do not exist. Reasonable minds could not differ as to whether (1) the defendant maliciously instituted the prior proceeding; (2) lack of probable cause existed for the filing of the criminal complaints; and (3) the plaintiffs, Steven Jones and Christine Horvath, sustained serious emotional distress as a result of the incident involving defendant's dog. Accordingly, this court finds the defendant's motion well taken and the motion is granted.

*So ordered.*