[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Plaintiff-appellant, Marvin Hatcher, appeals the summary judgment granted by the Hamilton County Court of Common Pleas in favor of defendant-appellee, Northern Insurance Company of New York ("Northern"), in a personal-injury action. For the following reasons, we affirm the judgment in part, reverse it in part, and remand the cause to the trial court for further proceedings.
{¶ 3} In 1997, Hatcher was involved in an automobile accident with the decedent, Andrea Stevens. Stevens died as a result of injuries sustained in the accident. Hatcher sued Stevens's estate, alleging that he had sustained physical and emotional injuries as a result of Stevens's negligence. Hatcher ultimately settled his claims against the estate for the limits of Stevens's insurance coverage.
{¶ 4} Hatcher also joined Northern, his underinsured-motorist carrier, in the suit, seeking damages for his physical and emotional injuries. His claimed emotional injuries consisted of emotional distress resulting from his physical injuries; the aggravation of pre-existing emotional conditions resulting from his physical injuries; and the trauma that he endured in witnessing the death of Stevens.
{¶ 5} Northern filed a motion for summary judgment[1] as to Hatcher's claims for emotional injury, and the trial court granted that motion as to each element of Hatcher's emotional-injury claims. In a single assignment of error, Hatcher now argues that the trial court erred in granting the motion.
{¶ 6} Pursuant to Civ.R.56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[2]
The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[3]
{¶ 7} In the case at bar, we hold that the trial court correctly granted summary judgment with respect to Hatcher's claim for damages resulting from his witnessing of Stevens's death. In Binns v.Fredendall,[4] the Supreme Court of Ohio stated that damages for negligently inflicted emotional and psychiatric injuries that are accompanied by physical injuries "may include damages for mental anguish, emotional distress, anxiety, grief or loss of enjoyment of life caused by the death or injury of another." But the Binns court emphasized that recovery for such injuries is limited to those situations in which "the plaintiff is directly involved and contemporaneously injured in the same motor vehicle and accident with the deceased or other injured person."[5] In the case at bar, Hatcher and Stevens were not in the same vehicle, and the trial court properly granted summary judgment on the claim relating to trauma allegedly suffered as a result of Stevens's death.
{¶ 8} Nonetheless, we hold that the trial court's ruling with respect to the remaining emotional-injury claims was erroneous. It is well settled that a plaintiff may recover for negligently inflicted emotional and psychiatric injuries accompanied by contemporaneous physical injury.[6] Northern claims, though, that Hatcher had failed to adduce sufficient evidence concerning his emotional and psychiatric injuries to establish a genuine issue of fact.
{¶ 9} This argument is without merit. The motion for summary judgment filed by Northern addressed only the claim relating to the trauma allegedly suffered by Hatcher as a result of Stevens's death. It did not address Hatcher's other claims for emotional damages. Thus, Northern did not meet its initial burden of demonstrating that no genuine issue of fact remained to be litigated, and Hatcher simply had no burden of producing evidence on the other claims in response to Northern's motion. The trial court therefore erred in granting the motion with respect to the remaining elements of Hatcher's claims for emotional injuries. The assignment of error is accordingly sustained with respect to the alleged emotional damages resulting from Hatcher's physical injuries.
{¶ 10} The judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded to the trial court for further proceedings consistent with the foregoing.
{¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Painter, JJ.
[1] In fact, the estate had filed the motion prior to its settlement with Hatcher. But because Northern is asserting the position advanced in the estate's motion, and for the sake of brevity, we refer to it as Northern's motion.
[2] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[3] See Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264.
[4] (1987), 32 Ohio St.3d 244, 513 N.E.2d 278, paragraph three of the syllabus.
[5] Id. Given that the holding was incorporated in the court's syllabus, we reject Hatcher's suggestion that the cited language was mere dicta.
[6] Binns, 32 Ohio St.3d at 244-245, 513 N.E.2d 278.