OPINION
{¶ 1} Plaintiffs-appellants, Fred E. Sinclair, et al., appeal the judgment of the Court of Common Pleas of Wyandot County granting partial summary judgment in favor of defendant-appellee, Amy L. Graham.
 {¶ 2} On September 17, 2001, Fred Sinclair (hereinafter referred to as "Sinclair"), while in the scope of his employment as a truck driver, was operating a tractor-trailer in Wyandot County, Ohio. While traveling on U.S. Highway 23, Sinclair became the victim of an automobile accident when a 1994 Buick Regal driven by Betty Ausenheimer collided with Sinclair's tractor-trailer. Betty Ausenheimer was killed nearly instantly and died in her automobile at the scene of the accident. The parties herein do not dispute that Betty Ausenheimer (hereinafter, referred to as "the decedent") caused the collision by negligently failing to yield the right-of-way to Sinclair's tractor-trailer. The manner in which the collision occurred caused Sinclair to witness the actual moment of Betty Ausenheimer's death.
 {¶ 3} Sinclair sustained cuts to his face and forehead and experienced neck and shoulder strain as a result of the collision. The minor physical injuries suffered by Sinclair have dissipated since the date of the accident. However, Sinclair maintains that being an instrument of, and having witnessed, the decedent's death has caused him to develop serious and debilitating mental and psychological injuries. The psychological injuries Sinclair sustained have required him to seek psychological and a psychiatric treatment for post-traumatic stress disorder and depression. In addition, Sinclair maintains that since the date of the accident, he has been unable to resume his employment as a truck driver.
 {¶ 4} Sinclair, his spouse, Patricia, and his daughter, Ellen, filed a civil complaint against defendant-appellee, Amy L. Graham ("Graham"), the Executrix of Betty C. Ausenheimer's Estate, and Wausau Underwriters Insurance Company ("Wausau") in which they asserted four claims for relief. In the first claim for relief, Sinclair sought damages for his physical injuries, pain and suffering, loss of income, loss of future income, medical expenses, and for negligent infliction of emotional distress. Specifically, Sinclair's claim for negligent infliction of emotional distress was based upon the trauma he experienced from having been involved in, and from having observed, the decedent's death. In the second and third claims for relief, Patricia and Ellen sought damages for the loss of spousal and parental consortium they experienced as a result of Sinclair's injuries. In the fourth claim for relief, Sinclair sought uninsured/underinsured motorist coverage from his employer's insurer, Wausau.
 {¶ 5} Both Graham and Wausau moved the trial court for partial summary judgment to dismiss the portions of the complaint regarding Sinclair's claims for "negligent infliction of emotional distress" stemming from Sinclair's involvement in, and observation of, the decedent's death. The trial court granted Graham's and Wausau's motions for partial summary judgment based in part upon the Supreme Court of Ohio's decision in Binnsv. Fredendall (1987), 32 Ohio St.3d 244, discussed in greater detail infra. By judgment entry journalized on October 17, 2003, the trial court dismissed Sinclair's claim for "negligent infliction of emotional distress and/or psychiatric injuries" and Patricia's and Ellen's "loss of consortium claims related thereto."
 {¶ 6} Following the trial court's order of summary judgment, Sinclair settled his claim against Wausau and voluntarily dismissed Wassau as a defendant. In addition, Fred Sinclair settled his claim against Graham regarding his physical injuries as alleged in his first claim for relief and Patricia and Ellen settled their claims for loss of consortium as alleged in their second and third claims for relief.
 {¶ 7} After concluding several agreed procedural actions, the trial court reaffirmed its previous partial summary judgment order of October 17, 2003, supra, and entered a final summary judgment order in favor of Graham. Consequently, the trial court dismissed Fred Sinclair's claim for negligent infliction of emotional distress.
 {¶ 8} It is from this judgment that Sinclair now appeals and sets forth a single assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in granting partial summary judgment in favor ofAppellees on the issue of negligent infliction of emotional distress toappellant Fred Sinclair.
 {¶ 9} An appellate court reviews a summary judgment order de novo.Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Thus, such a grant will be affirmed only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, "summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor." Id.
 {¶ 10} The parties herein do not dispute the relevant facts or state of the evidence regarding Sinclair's claim for negligent infliction of emotional distress. Specifically, the parties do not dispute that the decedent was negligent in the operation of her motor vehicle and caused the injuries sustained by Sinclair. In addition, Graham has not disputed the legitimacy or severity of the emotional and psychological injuries claimed to have been sustained by Sinclair. Accordingly, the only issue left to be resolved herein is whether Graham is entitled to summary judgment as a matter of law. See Civ.R. 56(C). For the reasons that follow, we answer this question in the positive and affirm the judgment of the trial court.
 {¶ 11} Although Sinclair may have sustained emotional and psychological injuries, the law does not provide Sinclair with a legal remedy to recover for negligent infliction of emotional distress caused by the tortfeasor's death under the circumstances of this case. The Supreme Court of Ohio's decision in Binns v. Fredendall (1987),32 Ohio St.3d 244, is controlling.[1] In Binns, the Court held:
* * * recovery for negligently inflicted emotional and psychiatricinjuries accompanied by contemporaneous physical injury may includedamages for mental anguish, emotional distress, anxiety, grief or loss ofenjoyment of life caused by the death or injury of another. We strictlylimit such recoveries to those plaintiffs directly involved andcontemporaneously injured in the same motor vehicle and accident with thedeceased or other injured person. Binns, 32 Ohio St.3d at 281, see also paragraph one of the syllabus.
 {¶ 12} Sinclair, however, urges that this court extend the Supreme Court's decision in Binns to allow recovery for negligent infliction of emotional distress for "plaintiffs who are directly involved and contemporaneously injured in the same accident as the deceased," and disregard the additional requirement that the plaintiff also be "in the same motor vehicle." Id.
 {¶ 13} We decline to disregard the clear directive of the Supreme Court. In rendering our decision, we find the decision of the Tenth District Court of Appeals in Tupps v. Gray, (June 15, 2000), Franklin App. No. 99AP-790, to be on point and persuasive. In Tupps, Florence Hardesty was a passenger in an automobile driven by Genevieve Gray. Hardesty was killed when Gray attempted to make a left turn and collided with an oncoming vehicle driven by Phillip Erwin. Immediately following the collision, Erwin went to Hardesty's side and stayed with her until the paramedics arrived at the scene. Thereafter, Hardesty's estate sued both Erwin and Gray for damages arising out of the accident. Erwin then filed a cross-claim against Gray for negligent infliction of emotional distress, claiming that he suffered severe emotional distress from having observed Hardesty's death.
 {¶ 14} The court in Tupps held as follows:
[a]lthough Erwin may have suffered emotional and psychiatric injuriesresulting from the accident that took Hardesty's life, under Binns he maynot recover for those injuries because he was not in the same vehicle asHardesty. Instead of simply allowing recovery for emotional distressassociated with having observed the death or injury of others involved inthe accident, the Supreme Court has specifically limited the class ofpersons who may recover such damages in these types of cases to otheroccupants of the vehicle in which the person was injured or killed. Erwinseeks to extend Binns to include his claim for emotional distress, butthe language of Binns undermines that attempt. (Emphasis added). Tupps,
Franklin App. No. 99AP-790.
 {¶ 15} Accordingly, based upon the Supreme Court's decision in Binns
and its progeny,[2] we hold that because Sinclair was not in the same motor vehicle as Betty Ausenheimer, as a matter of law he is not entitled to recover for the emotional or psychological distress that may have resulted from having observed her death. The trial court did not err in granting summary judgment in favor of Graham. Sinclair's sole assignment of error is, therefore, overruled.
 {¶ 16} Having found no error prejudicial to appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Rogers and Shaw, J.J. concur.
[1] In Binns, plaintiff, Mary L. Eleyet, was a passenger in an automobile driven by her boyfriend, Donald L. Binns. A collision occurred when the defendant, Fredendall, negligently drove his vehicle into the side of Binns' car. The accident resulted in Binns suffering severe and gruesome head injuries, which caused his immediate death. In addition, Eleyet suffered traumatic personal injuries as a result of Binns' head coming to a rest on her shoulder and having to remain in the vehicle until help was able to arrive at the scene.
[2] We further note that the Supreme Court of Ohio affirmed Binns inHenier v. Moretuzzo (1995), 73 Ohio St.3d 80, 85, in which it noted that: "Binns reminds us that a plaintiff who suffers physical injuries in an automobile accident may recover for the emotional distress associated with his or her own injuries, as well as the distress associated with having observed the death or injury of another occupant of the vehicle * * *.' Emphasis added.