DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellants Amanda and Russell Galland have appealed from the judgment of the Summit County Court of Common Pleas which awarded summary judgment in favor of Defendant-Appellee Meridia Health System, Inc. This Court affirms.
 I {¶ 2} The instant case arose out of an incident that occurred in Appellee's emergency room on the evening of January 28, 2002. Dawna Berlin and Russell Galland, Jr., had taken their five-and-a-half year old daughter, Amanda Galland, to be examined because Amanda had fallen and hit her head at school earlier that day. While in the emergency room, Amanda's shoes and socks were removed so the doctor could conduct stability tests on her. Upon completion of the tests, Amanda was instructed to get down from the examination bed. As she stepped onto the emergency room floor, a used suture needle that had been left on the floor punctured Amanda's right foot. Amanda's father removed the suture needle from her foot and the nurse treated her wound. Because the suture needle was contaminated with blood from an unknown person and it had punctured Amanda's foot, the doctor informed Appellants of the possibility that Amanda could have been exposed to HIV. Consequently, Amanda periodically returned to Appellee and underwent a series of blood tests for HIV, paid for by Appellee, for six months following the incident. Each test indicated that Amanda is HIV negative.
 {¶ 3} On September 25, 2002, Appellants filed suit, alleging negligent infliction of emotional distress. Following a brief period of discovery, the trial court granted summary judgment on July 25, 2003. On appeal, this Court reversed the trial court's grant of summary judgment. Galland v. Meridia Health System,Inc., 9th Dist. No. 21763, 2004-Ohio-1416. Following remand, Appellee again moved for summary judgment. The trial court granted Appellee's motion for the second time on February 8, 2006. Appellants have timely appealed the trial court's judgment, raising seven assignments of error. For ease of analysis, we have consolidated several of Appellants' assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED BY GRANTING APPELLEES SUMMARY JUDGMENT WHEN REASONABLE MINDS COULD DIFFER AS TO THE EXTENT AND NATURE OF APPELLANTS['] EMOTIONAL DISTRESS."
 Assignment of Error Number Two
"THE TRIAL COURT ERRED BY FINDING APPELLANT'S EMOTIONAL DISTRESS WAS NOT TIED TO AN EXISTING PHYSICAL PERIL."
 Assignment of Error Number Three
"THE TRIAL COURT ERRED BY FINDING AMANDA GALLAND DID NOT SUFFER A CONTEMPORANEOUS PHYSICAL INJURY."
 Assignment of Error Number Four
"THE TRIAL COURT ERRED BY APPLYING HEINER AND FAILING TO FOLLOW THE LAW IN THIS CASE AS PREVIOUSLY ESTABLISHED BY THIS COURT OF APPEALS FINDING HEINER `CLEARLY DISTINGUISHABLE.'"
 Assignment of Error Number Six
"THE TRIAL COURT ERRED BY FINDING THIS COURT'S PREVIOUS RULING WAS LIMITED TO A PROCEDURAL ISSUE."
 {¶ 4} In their first, second, third, fourth, and sixth assignments of error, Appellants have asserted that the trial court erred in granting summary judgment in favor of Appellee. Specifically, Appellants have alleged that genuine issues of material fact remain surrounding their claims for negligent infliction of emotional distress.
 Standard of Review {¶ 5} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 6} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 7} Once the moving party's burden has been satisfied, the non-moving party must meet its burden as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Id. See, also, Henklev. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} Pursuant to Civ.R. 56(C):
"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
Based upon the foregoing standard of review, we examine the evidence presented and each of Appellant's claims.
 Negligent Infliction of Emotional Distress {¶ 9} At its inception, the tort of negligent infliction of emotional distress required a contemporaneous physical injury in order to be compensable. Miller v. B O S.W. Railroad Co.
(1908), 78 Ohio St. 309, paragraph three of the syllabus. However, in Schultz v. Barberton Glass Co. (1983),4 Ohio St.3d 131, the Ohio Supreme Court permitted a more liberal recovery for negligent infliction of emotional distress. Specifically, the Court held that "[a] cause of action may be stated for the negligent infliction of serious emotional distress without a contemporaneous physical injury." Id. at syllabus. Schultz was in turn followed by Paugh v. Hanks (1983), 6 Ohio St.3d 72, which attempted to provide guidance on the limits of the cause of action recognized in Schultz. In Paugh, the Court held:
"Where a bystander to an accident states a cause of action for negligent infliction of serious emotional distress, the emotional injuries sustained must be found to be both serious and reasonably foreseeable, in order to allow a recovery.
"Serious emotional distress describes emotional injury which is both severe and debilitating. Thus, serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case.
"The factors to be considered in order to determine whether a negligently inflicted emotional injury was reasonably foreseeable include: (1) whether the plaintiff was located near the scene of the accident, as contrasted with one who was a distance away; (2) whether the shock resulted from a direct emotional impact upon the plaintiff from sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3) whether the plaintiff and victim (if any) were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.
"A cause of action for the negligent infliction of serious emotional distress may be stated where the plaintiff-bystander reasonably appreciated the peril which took place, whether or not the victim suffered actual physical harm, and, that as a result of this cognizance or fear of peril, the plaintiff suffered serious emotional distress." Id. at paragraphs three and four of the syllabus.
 {¶ 10} The evolution of the tort of negligent infliction of emotional distress then continued in Binns v. Fredendall
(1987), 32 Ohio St.3d 244. In Binns, the Court clarified thatPaugh's "severe and debilitating" standard was not applicable to plaintiffs who suffered contemporaneous physical injuries. Id. at paragraph one of the syllabus. Additionally, the Binns Court held as follows:
"The emotional and psychiatric injury arising from an accident may encompass more than the distress associated with the plaintiff's own contemporaneous physical injuries.
"Recovery for negligently inflicted emotional and psychiatric injuries accompanied by contemporaneous physical injury may include damages for mental anguish, emotional distress, anxiety, [and] grief or loss of enjoyment of life[.]" Id. at paragraphs two and three of the syllabus.
Finally, the Ohio Supreme Court held in Heiner v. Moretuzzo
(1995), 73 Ohio St.3d 80, as follows:
"Ohio does not recognize a claim for negligent infliction of serious emotional distress where the distress is caused by the plaintiff's fear of a nonexistent physical peril." Id. at syllabus.
 {¶ 11} This Court notes that despite the lengthy history of the tort of negligent infliction of emotional distress, we do not find that the Ohio Supreme Court intended that the tort of negligent infliction of emotional distress should subsume the general tort negligence. While a plaintiff may recover underBinns for the emotional distress caused by a contemporaneous physical injury, such recovery does not transform every personal injury claim into the tort of negligent infliction of emotional distress. Rather, we agree with our sister court that Ohio Supreme Court precedent "require[s] an underlying cause of action for negligence to exist before a separate cause of action for negligent infliction of emotional distress can exist." Stowe v.E. Toledo Boys and Girls Club (Apr. 12, 1991), 6th Dist. No. L-90-099, at *4. Accordingly, we are convinced that the "mental anguish" standard laid out in Binns requires something more than the pain and suffering damages alleged in a standard negligence claim.
 {¶ 12} While the parties agree that the above precedents accurately state the law surrounding negligent infliction of emotional distress, they disagree about their applicability to the facts at hand. With this framework at mind, we examine the individual claims raised by Appellants.
 Amanda Galland {¶ 13} Initially, we note that the facts seem to support a finding that Amanda has a general negligence cause of action. Appellants, however, did not plead a personal injury/negligence cause of action on Amanda's behalf. Rather, the sole count contained in Appellants' complaint alleged a negligent infliction of emotional distress. Accordingly, Amanda's claim for negligence, while not foreclosed by this action as it has not been litigated, is not before this Court.
 {¶ 14} In its motion for summary judgment, Appellee asserted that Amanda's negligent infliction of emotional distress claim lacked merit because her distress was caused by a non-existent physical peril. Specifically, in its motion, Appellee asserted that Amanda tested negative for HIV on multiple occasions. Accordingly, Appellee has concluded on appeal that Amanda never faced a physical peril and that Heiner is controlling. We disagree.
 {¶ 15} Initially, we note that both parties have focused on the compensability of Amanda's fear that she may have contracted HIV. However, there is nothing in the record which demonstrates that Amanda, at her young age, comprehends HIV, let alone has any fear of contracting that illness in the future. Accordingly, to the extent that the trial court found that Amanda could not recover for a fear of contracting HIV, it did not err. Appellants presented no evidence that Amanda had such a fear. This Court, therefore, need not address the parties' dispute regarding whether such a fear is compensable when accompanied by a contemporaneous physical injury.
 {¶ 16} Specifically, the deposition testimony of Amanda Galland's mother, Dawna Berlin, demonstrates that Amanda's claim is not tied to the possibility that she could contract HIV. In her deposition, Ms. Berlin noted that as a result of stepping on the needle, Amanda now becomes upset when she has to get shots and is hesitant to see a doctor. In contrast, no evidence was presented that Amanda has any fear of contracting HIV.
 {¶ 17} Viewing the evidence in a light most favorable to Amanda, however, no genuine issue of fact remains regarding the emotional distress and anxiety she experienced as a result of Appellee's alleged negligence. Nothing in the testimony of either of her parents established that Amanda suffered from "mental anguish, emotional distress, anxiety, [and] grief or loss of enjoyment of life" as a result of her injuries. Binns,
32 Ohio St.3d at paragraphs two and three of the syllabus. Ms. Berlin did not testify to any serious emotional distress. Rather, she asserted that Amanda, like many children, is scared of needles as a result of the puncture wound. She did not indicate that Amanda's fear prevented her from visiting the doctor or affected her life in any manner. In fact, Amanda's father Russell described her as "just running around, healthy, happy six year old as far as I know." Accordingly, the trial court did not err in finding that no genuine issue of material fact remained surrounding Amanda's negligent infliction of emotional distress claim.
 Russell Galland {¶ 18} Upon review of the record, it is clear that Russell Galland falls squarely into the class of persons discussed by thePaugh Court. Russell was a bystander to the physical injury suffered by Amanda. Accordingly, to be compensable, his damages must be severe and debilitating. Paugh,
6 Ohio St.3d at paragraph 3(a) of the syllabus. Severe and debilitating mental distress is present when a reasonable person would be unable to cope adequately with the mental distress engendered by the circumstances of the case. Id. Viewing the evidence in a light most favorable to Russell, he has not demonstrated that his emotional distress was severe and debilitating.
 {¶ 19} In its decision, the Paugh Court noted that "examples of serious emotional distress should include traumatically induced neurosis, psychosis, chronic depression, or phobia." Id. at 78. "By the term `serious,' we of course go beyond trifling mental disturbance, mere upset or hurt feelings." Id. In the instant case, Russell's testimony indicates that his level of distress does not approach the level of "serious" as defined in Paugh. During Russell's deposition the following colloquy took place:
"Q. What has been the impact on you as a result of Amanda's puncture wound?
"A. Not knowing what will happen. Wondering day-to-day if she's going to wake up one morning and be very ill * * * not knowing what's going to happen to her every day."
During his deposition, Russell admitted that he had never sought counseling as a result of Amanda's injuries, nor missed any work as a result thereof. Rather, Russell's testimony indicates that he has the same concerns for his daughter that any parent has, i.e., he worries that she could become ill. Russell's testimony does not indicate that Amanda's injury has caused any dramatic increase in his worry. We do not trivialize the concerns expressed by Russell. Like any loving parent, Russell undoubtedly became concerned when Amanda's foot was punctured by the needle. However, the evidence in the record before this Court does not demonstrate that Russell's emotional distress rose to the level required under the law to be compensable. Rather, the sole evidence indicates that Russell has been able to adequately cope with the incident involving Amanda. Accordingly, Paugh
prohibits any recovery on Russell's claim.
 {¶ 20} Appellants' first, second, third, fourth, and sixth assignments lack merit.
 Assignment of Error Number Five
"THE TRIAL COURT ERRED BY FINDING DAWNA BERLIN WAS NOT A PARTY."
 {¶ 21} In their fifth assignment of error, Appellants have argued that the trial court erred when it found that Dawna Berlin was not a party to the proceedings in an individual capacity. Appellants' argument is not properly before this Court.
 {¶ 22} Upon review of the trial court's docket, the trial court never entered an order determining Dawna Berlin's status as a party or non-party. As the trial court has made no determination regarding Ms. Berlin's status, Appellants have no order from which an appeal may be taken on that issue. We note, however, the trial court's grant of summary judgment contained the requisite Civ.R. 54(B) language. Accordingly, the decision is final and appealable with respect to Russell and Amanda Galland. Appellants' fifth assignment of error lacks merit.
 Assignment of Error Number Seven
"THE TRIAL COURT ERRED BY GRANTING APPELLEES SUMMARY JUDGMENT WHEN IT MOVED FOR ONLY PARTIAL SUMMARY JUDGMENT."
 {¶ 23} In their final assignment of error, Appellants have asserted that the trial court erred in granting summary judgment when Appellee only moved for partial summary judgment. Specifically, Appellants have argued that Amanda's personal injury claim should not have been disturbed because it was not addressed in Appellee's motion for summary judgment. We disagree.
 {¶ 24} Appellants' complaint contains only one cause of action, a claim for the negligent infliction of emotional distress. Despite Appellants' contentions, they have never pled an individual personal injury claim on behalf of Amanda Galland. Furthermore, from the record before this Court, there does not appear to be any impediment preventing the filing of such an action in the future. Accordingly, while labeled a motion for partial summary judgment, Appellee's motion addressed the sole count in the complaint and the trial court's entry resolved the sole count in the complaint. Accordingly, Appellants' seventh assignment of error lacks merit.
 III {¶ 25} Appellants' assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Moore, J., Boyle, J., concur.