O’Donnell, J.,
concurring.
{¶ 26} I concur in the majority’s decision that emotional distress resulting from a physical injury caused by an act of medical negligence is compensable but does not give rise to an independent cause of action on the theory of a separate tort. However, I write separately to emphasize that our holding today does not *563 represent a departure from the current state of the law regarding the recovery of damages for emotional distress.
{¶ 27} Recovery for emotional distress has evolved over the past century. In Miller v. Baltimore & Ohio S.W. RR. Co. (1908), 78 Ohio St. 309, 85 N.E. 499, paragraph three of the syllabus, this court held that “[n]o liability exists for acts of negligence causing mere fright or shock, unaccompanied by contemporaneous physical injury, even though subsequent illness results, where the negligent acts complained of, are neither willful nor malicious.”
{¶ 28} However, in Schultz v. Barberton Glass Co. (1983), 4 Ohio St.3d 131, 4 OBR 376, 447 N.E.2d 109, this court overruled the impact rule set forth in Miller, holding that “[a] cause of action may be stated for the negligent infliction of serious emotional distress without a contemporaneous physical injury.”
{¶ 29} We reinforced our holding in Schultz in Paugh v. Hanks (1983), 6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759, holding that “[a] cause of action may be stated for the negligent infliction of serious emotional distress without the manifestation of a resulting physical injury. Proof of a resulting physical injury is admissible as evidence of the degree of emotional distress suffered.” Id. at paragraph two of the syllabus. Baugh described serious emotional distress as an “emotional injury which is both severe and debilitating” and “may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case.” Id. at paragraph 3a of the syllabus.
{¶ 30} Nonetheless, in Binns v. Fredendall (1987), 32 Ohio St.3d 244, 513 N.E.2d 278, we distinguished Faugh, holding that “[njegligently inflicted emotional and psychiatric injury sustained by a plaintiff who also suffers contemporaneous physical injury in a motor vehicle accident need not be severe and debilitating to be compensable.” Id. at paragraph one of the syllabus. Thus, Binns reaffirmed our prior understanding that “[Recovery for negligently inflicted emotional and psychiatric injuries accompanied by contemporaneous physical injury may include damages for mental anguish, emotional distress, anxiety, grief or loss of enjoyment of life caused by the death or injury of another, provided the plaintiff is directly involved and contemporaneously injured in the same motor vehicle and accident with the deceased or other injured person.” Id. at paragraph three of the syllabus.
{¶ 31} Accordingly, our case law already establishes that a plaintiff who suffers a physical injury may recover for emotional distress, regardless of whether the emotional injuries are severe and debilitating. Id. at paragraphs one, two, and three of the syllabus.
{¶ 32} The majority affirms the holding by the court of appeals that a delayed diagnosis of cancer can cause an attendant physical injury for which a plaintiff *564 may seek recovery for emotional distress as an element of damages. And as the majority opinion points out, that holding is supported by authority from other jurisdictions. Majority opinion at ¶ 18, fn. 2; see also Boryla v. Pash (Colo.1998), 960 P.2d 123; Bond v. Ivanjack (D.C.App.1999), 740 A.2d 968.
Scanlon & Elliott, Lawrence J. Scanlon, and Michael J. Elliott, for appellee.
Roetzel & Andress, L.P.A., Douglas G. Leak, and Stacy R. Delgros, for appellants.
Melissa R. Lipchak, urging affirmance on behalf of amicus curiae, Ohio Association for Justice.
{¶ 33} Accordingly, I concur in the judgment affirming the judgment of the court of appeals on the basis that Lonna Loudin has raised a genuine issue of fact as to whether she sustained a physical injury as a result of a delayed diagnosis of breast cancer. Because this case involves emotional distress stemming from a physical injury, Binns controls. Thus, if Loudin proves at trial that appellants committed professional negligence that resulted in a physical injury that caused her emotional distress, then pursuant to Binns, she may recover damages for resultant emotional distress.
{¶ 34} For these reasons, I agree that emotional distress resulting from a physical injury caused by medical negligence is compensable but does not give rise to an independent cause of action. Thus, I concur in the judgment affirming the court of appeals.